11-3215                                                                     BIA
Wong v. Holder                                                        A077 396 983

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand twelve.

PRESENT:
JON O. NEWMAN,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

ZE FONG WONG, AKA SHI FENG WANG,
*Petitioner,*

v.                                          11-3215
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Douglas E. Ginsburg,
                       Assistant Director; Nicole R.
                       Prairie, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ze Fong Wong, a native and citizen of the People's Republic of China, seeks review of a July 13, 2011, decision of the BIA denying his motion to reopen. *In re Ze Fong Wong*, A077 396 983 (B.I.A. July 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion by denying Wong's motion to reopen as untimely, as he filed it eight years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Wong did not demonstrate changed conditions in this case.

Substantial evidence supports the agency's conclusion that the background materials do not demonstrate a change in

2

country conditions material to Wong's claim regarding his practice of Christianity. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). While some of the evidence Wong submitted in support of his motion arguably indicates that harassment and restrictions on Christianity have increased since Wong's 1999 merits hearing, they do not compel the conclusion that conditions for Christians in China have changed such that Wong was entitled to reopening. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (noting that, under the substantial evidence standard, in order to reverse the BIA's fact finding, "[the Court] must find that the evidence not only supports that conclusion, but compels it" (italics omitted)); *Melgar de Torres v. Reno*, 191 F.3d 307, 312-13 (2d Cir. 1999) (explaining that under the substantial evidence standard, "[t]he BIA findings of fact will be reversed only if a reasonable fact-finder would have to conclude otherwise" (internal quotation marks omitted)).

Furthermore, the BIA did not err in its conclusion that Wong's fear of persecution under China's family planning policy was speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (finding that an asylum applicant's claimed fear of persecution was

speculative based on the assertion that he might have more than one child in the future in violation of China's family planning policy).  We therefore do not address the BIA's alternative finding that Wong did not establish a change in country conditions with respect to his family planning policy claim.  *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4